# EXHIBIT E

UNITED STATES DEPARTMENT OF EDUCATION

September 26, 2025

Melissa Aviles-Ramos
New York City Department of Education
RE: Magnet Schools Assistance Program

Dear Melissa Aviles-Ramos,

We have reviewed your timely request for reconsideration submitted on September 19, 2025 regarding the non-continuation of a grant under the Magnet Schools Assistance Program (MSAP). Upon the review and recommendation by the Office of Elementary and Secondary Education and the Office for Civil Rights (OCR), I have concluded the review of your reconsideration request and your request is denied.

The U.S. Department of Education (Department) has provided this administrative reconsideration process, consistent with law (34 C.F.R. § 75.253(g)), to permit a grantee to challenge this decision to not continue a grant. As part of this process, the Department informed applicants in their non-continuation letter that they could submit a reconsideration request, and the Department would review the submitted materials to determine if the request is accepted or denied.

In this instance, you received a letter dated September 16, 2025 from the Acting Assistant Secretary of Education for Civil Rights, who described specific concerns with New York City Public Schools (collectively "NYC DOE") compliance with applicable federal civil rights laws. The letter further noted that because of these concerns, OCR would be unable to certify that the civil rights assurances NYC DOE made as part of its MSAP grant would be met. This certification is a statutory requirement of the MSAP program granting discretionary authority to the Acting Assistant Secretary of Education for Civil Rights the unique ability to examine a MSAP grantee's prospective compliance with applicable federal civil rights law and, only when demonstrated to the Acting Assistant Secretary's satisfaction that such compliance "will be met" may he certify to such a determination and allow an MSAP grant to continue (*see* 20 U.S.C. § 7231d(c)). The letter also offered an opportunity for reconsideration, with the only requirement for reconsideration being that NYC DOE agree to begin to take the remedial steps described in the letter to ensure adequate compliance with federal civil rights law.

Your response on September 19, 2025 ignored the request to begin taking remedial steps and instead demanded a further delay in the enforcement of these federal civil rights protections for NYC DOE students. Here, the determination under 34 C.F.R. § 75.253(a)(5) was whether NYC DOE's MSAP grant continues to be in the best interest of the federal government. Given the ongoing civil rights concerns impacting MSAP students recognized by the Acting Assistant

UNITED STATES DEPARTMENT OF EDUCATION

Secretary through his refusal to certify NYC DOE's compliance with applicable civil rights laws, I cannot make such a determination. Therefore, I deny your request for reconsideration pursuant to my authority under 34 C.F.R. § 75.253(g).[3]

As stated in your non-continuation letter, you are encouraged to carefully review and discharge your closeout responsibilities set forth in 2 C.F.R. § 200.344-346 and your award agreement. Those responsibilities include, but are not limited to, your obligation to "promptly refund any unobligated funds" that have been paid out but "are not authorized to be retained." *See* 2 C.F.R. §200.344(g). Failure to do so will result in the Department filing a report documenting your "material failure to comply with the terms and conditions of" this award on SAM.gov and taking any other appropriate enforcement actions, which could impact your eligibility for future grants and may result in additional liabilities. *See* 2 C.F.R. § 200.344(i). Please note that costs incurred for prosecuting claims against the Federal Government, including costs incurred related to this reconsideration request, are unallowable. *See* 2 C.F.R. § 200.435(g).

Additionally, under 2 C.F.R. 200.344(b), you are required to submit a final report by January 28, 2026. Your program officer will provide specific instructions on additional closeout activities prior to the end of your project period. Please note that the Department is electing, consistent with 34 C.F.R. § 75.253(h), to not authorize further no-cost extensions for grant awards identified for non-continuation.

We remind you of your responsibility to retain all Federal awards records for three years from the date of submission of your final financial report. *See* 2 C.F.R. § 200.334. Please note that this determination represents the final decision of the Department.

Respectfully,

Lindsey M Burke

Lindsey M. Burke, Ph.D.
Deputy Chief of Staff for Policy and Programs
U.S. Department of Education