THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MELANIE ASH**
Deputy Chief, Affirmative Litigation
mash@law.nyc.gov 212-356-2276

September 27, 2026

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 25-cv-08547 (AS);

*Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 26-cv-06584 (AS)

Dear Judge Subramanian:

I write as counsel to Plaintiff in the above-captioned actions to request two amendments to the Court's Order of September 24, 2026 granting summary judgment in *Board of Education v USDE*, 26-cv-06584 (the "Summary Judgment Order"), ECF No. 43.

The requested amendments concern (1) the amount of funds that the Court enjoined Defendants from disbursing or otherwise making unavailable; and (2) the time period during which the funds must remain available. The temporary restraining order issued in both actions on August 28, 2026 enjoined Defendants from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable *at least $11,754,296* of the funds appropriated for the fiscal year that began on October 1, 2025 ("FY 2026"), to ensure those funds remained available to be awarded to Plaintiff should the Court order the relief sought (the "Reserved Funds"). That amount represented the difference between the largest possible award of funding that could be made for the five grants implicated in the actions ($2,999,999 per grant for each of the five grants, equaling $14,999,995) and the amounts previously awarded to the grantees for those five grants in the June 9 Grant Award Notifications (the "June 9 GANs"). As the Summary Judgment Order has now vacated the June 9 GANs, there are currently no grant awards to Plaintiff for FY2026. Plaintiff therefore requests, first, that the Court amend the Summary Judgment Order to enjoin Defendants from obligating, disbursing, processing, returning to the U.S. Treasury, or

otherwise making unavailable no less than $14,999,995, the amount representing the total of all possible FY2026 grant awards. We reached out to counsel to Defendants to provide notice of our intention to request the amendments to the Summary Judgment Order, and were advised that Defendants take no position on this request.

As to the second requested amendment, the Summary Judgment Order provides that the Reserved Funds should remain available *pending Defendants' decision reassessing the award of grant funds*, which the Court ordered Defendants to make within 10 days. Plaintiff requests that the Court amend the Order to require that Defendants ensure that such Reserved Funds remain available for no less than 60 days following notification to Plaintiff of Defendants' reassessment of the award of grant funds, and any corresponding issuance of new GANs, to protect Plaintiff's ability to obtain relief in the event it seeks to challenge the lawfulness of Defendants' decision. Plaintiff provided Defendants with notice of this request, but counsel to Defendants was unable to provide a response before the motion was filed.

In addition, during argument on the motions on September 24, 2026, a dispute arose over whether Plaintiff is entitled to a 12-month no-cost extension at the end of the final grant year for each grant. (Tr. at 27-28). During that exchange, I represented that there was in fact such an entitlement and offered to provide the Court with the relevant citation. The referenced regulation is 34 CFR § 75.261(a), which allows a grantee, on notice, and under certain conditions, to elect to extend the project period of an award once for a period of up to 12 months, without prior approval.

We thank the Court for its consideration of Plaintiff's request to amend the Summary Judgment Order.

Respectfully submitted,

Melanie Ash

cc: Jeffrey Oestericher, Esq. (via ECF)

GRANTED.

The Court's September 24, 2026, order, Dkt. 43, is amended to include the underlined text.

The Clerk of Court is respectfully directed to terminate the motion at ECF 46.

SO ORDERED

Arun Subramanian, U.S.D.J.
Date: September 28, 2026