THE CITY OF NEW YORK
**LAW DEPARTMENT**
100 CHURCH STREET
NEW YORK, NY 10007

**STEVEN BANKS**
*Corporation Counsel*

**MELANIE ASH**
Deputy Chief, Affirmative Litigation
mash@law.nyc.gov 212-356-2276

November 4, 2026

**VIA ECF**

Hon. Arun Subramanian
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, NY 10007

Re: *Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 26-cv-06584 (AS)

*Board of Education of the City School District of the City of New York v. United States Department of Education, et al.*, No. 25-cv-08547 (AS)

Dear Judge Subramanian:

I am counsel to the Plaintiff, the Board of Education of the City School District of the City of New York (operating as New York City Public Schools ("NYCPS")), in the above-captioned actions. As requested in the Court's October 30, 2026 Order (Case 25-cv-08547, ECF Dkt. 141; Case 26-cv-06584, ECF Dkt. 49) (the "October 30 Order"), I write to provide the Court with the parties' respective positions on the status of the above-referenced two cases, following this Court's award of summary judgment to Plaintiff in *Board of Education v. USDE.*, et al, 26-cv-6584 (the "Second Action") in Orders dated September 24 and October 5, 2026 (the "Summary Judgment Orders").

***NYCPS' Status Update***

NYCPS is currently preparing to file a motion to enforce this Court's Summary Judgment Orders in the Second Action. As the Court noted in the October 30 Order, the Summary Judgment Orders required Defendants to reassess USDE's FY2026 Magnet School Assistance Program ("MSAP") grant awards to NYCPS' five MSAP Projects. In response to the Court's Order, on October 3, 2026, USDE issued two notices to NYCPS: (1) a Notice of Grant Funding Amount that provided *the exact same amount of reduced FY2026 funding* as had been provided in the June 9th GANs that were vacated by this Court, and (2) a Notice of Protective Pay Status that *reimposed reimbursement pay status* on the grants. In both cases, NYCPS believes that Defendants have failed to comply with the clear direction of this Court that they "not leverage their prior denial of funds or the Board's interim use of carryover funds," and that they take into account "the planned project objectives that cannot be completed, and carryover funds needed for the prior period," nor have they complied with the requirements of 2 C.F.R. § 200.208(d) before once again imposing reimbursement pay status. As a result, NYCPS will ask this Court, pursuant to its inherent authority to enforce its own orders, to issue a further order to bring Defendants into compliance. Moreover, NYCPS intends to ask the Court to extend indefinitely its Order issued September 28, 2026, enjoining Defendants from obligating, disbursing, processing, returning to the U.S. Treasury, or otherwise making unavailable, no less than $14,999,995, the amount representing the total of all possible FY2026 grant awards, to protect the availability of the funds until we can achieve a final resolution of this dispute. For all of these reasons, NYCPS respectfully requests that this Court refrain from closing the Second Action until such time as the court renders a decision on NYCPS' next motion to enforce.

Finally, NYCPS would also like to advise the Court that, as of this date, Defendants have refused to issue FY2027 grant continuation determinations for NYCPS' five MSAP grants, on the stated basis that "[because] the FY 2026 amounts are being challenged by NYCPS, [USDE] cannot make a determination regarding FY 2027 at this time." Although the parties are engaged in settlement negotiations in hopes of reaching a global resolution, if those discussions are not successful in the near future, NYCPS intends to file suit to seek to compel Defendants to issue FY2027 continuation determinations.

***Defendants' Status Update***

The Government has complied with the Court's Summary Judgment Orders. Although NYCPS may disagree with the amount awarded, the Government has adequately explained its determination without relying on its prior denial of funds and considering the appropriate amount for the entire budget period. Separately, the Government complied with the procedures set forth in 2 C.F.R. § 200.208(d) when it placed the relevant grants on reimbursement pay status based on concerns raised by the then-pending audit by the Department of Education's Office of Inspector General ("OIG"). The Government has yet to receive any payment request or request for technical assistance to submit a request for payment from plaintiffs. Currently, the Government is evaluating and addressing the findings and recommendations in OIG's October 13, 2026 report concerning the administration and performance of an NYCPS MSAP grant. The Government also does not believe that the Court may require potential FY 2026 funds to remain available indefinitely. By statute, FY 2026 funds available to satisfy obligations properly chargeable to the account before the lapse in appropriations retain their fiscal-year identity for five years. *See Westchester v. United*

*States Dep't of Housing and Urban Development*, 778 F.3d 412, 417 n.8 (2d Cir. 2015). The Government welcomes continued settlement discussions regarding the funding amounts for FY 2026 and FY 2027.

Respectfully Submitted,

Melanie Ash

cc: (via ECF)
Jeffrey Oestericher, Esq.